IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT MATTISON LAWSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0033 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner SCOTT MATTISON LAWSON has filed with this Court a Petition for a Writ

of Habeas Corpus by a Person in State Custody challenging his conviction out of the 222nd

Judicial District Court of Deaf Smith County, Texas, for the felony offense of murder.  For the

reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's

application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

Petitioner was indicted, in Cause No. CR-98C-030, styled *The State of Texas vs. Scott

Mattison Lawson*, for the felony offense of murder alleged to have been committed on or about

February 22, 1998.  *Ex parte Lawson*, No. 54,703-01 at 71-72, 73.  Petitioner proceeded to trial,

---

[1]The previous named respondent was Janie Cockrell who was succeeded by Douglas Dretke on August 1, 2003 as
Director of the Texas Department of Criminal Justice, Institutional Division.  Under Rule 25(d)(1) of the Federal Rules of Civil
Procedure, Dretke is automatically substituted as a party.

was found guilty of the offense charged, and on November 20, 1998, was sentenced to a term of

life imprisonment in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID).

*Ex parte Lawson*, No. 54,703-01 at 73-74.

On September 13, 1999, petitioner's conviction was affirmed on direct appeal by the

Seventh District Court of Appeals.  *Lawson v. State*, 999 S.W.2d 912 (Tex.App.--Amarillo 1999).

Petitioner sought review of the intermediate state appellate court's decision by filing a petition for

discretionary review (PDR) to the Texas Court of Criminal Appeals.  The Court of Criminal

Appeals remanded the case for a determination in light of a new case *i.e. Johnson v. State*, 4

S.W.3d 354 (Tex.Crim.App. 1999).  Upon remand, the Seventh District Court of Appeals again

affirmed petitioner's conviction.   *Lawson v. State*, 26 S.W.3d 920 (Tex.App.--Amarillo 2000).

On December 5, 2001, the Texas Court of Criminal Appeals upheld the decision of the Seventh

District Court of Appeals.  *Lawson v. State*, 64 S.W.3d 396 (Tex.Crim.App. 2001).

On November 19, 2002, petitioner filed a state application for a writ of habeas corpus

challenging the instant conviction.  *Ex parte Lawson*, No. 54,703-01.  On May 15, 1996, the trial

court entered findings of fact and conclusions of law recommending that petitioner's habeas

application be denied.  On January 15, 2003, the Texas Court of Criminal Appeals denied the

application without a written order based on the findings of the trial court without a hearing.  *Ex*

*parte Lawson*, No. 54,703-01 at cover.  On January 28, 2003, the instant application for federal

habeas relief was filed in this Court.[2]

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of

the United States for the following reasons:

1.    Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when the
      state appellate court unforeseeably expanded by judicial construct, the felony
      murder statute by allowing aggravated assault to become a predicate felony
      offense thereunder;

2.    Petitioner's Fifth and Fourteenth Amendment rights were violated when the state
      prosecuted him twice for the same conduct, same act, and same victim, *i.e.* felony
      murder and its lesser included offense of intentional and knowing aggravated
      assault (double jeopardy claim); and

3.    Petitioner's Sixth and Fourteenth Amendment rights were violated because the
      felony murder indictment failed to provide adequate notice of the offense charged,
      thereby depriving petitioner of the ability to defend against the alleged felony
      murder charge contained therein.


III.
EXHAUSTION AND PROCEDURAL BAR

Respondent contends petitioner is procedurally barred from obtaining consideration and/or

relief under his second and third grounds because such were found to be procedurally barred in his

state habeas application by the Texas Court of Criminal Appeals.    *Ex parte Lawson*, No. 54,703-

01 at cover.  As stated *supra*, the trial court made findings of fact and conclusions of law finding

petitioner to be procedurally barred from raising two of his claims, as follows:

8.    Applicant is procedurally barred from asserting his habeas contention that
      aggravated assault is the lesser included offense of felony murder and therefore
      double jeopardy somehow applies; applicant waived any and all complaints
      regarding the indictment by failing to object to the indictment.

10.   Applicant is procedurally barred from asserting his habeas contention of lack of

> adequate notice of offense charged; the applicant neither objected to the
> indictment nor to the Charge of the Court.  *McCoy v. State*, 932 S.W.2d 720, 724
> (Tex.App. – Ft. Worth 1996, pet. ref'd); Tex.CodeCrim.Pro. Art. 1.14 (b):
> Tex.R.App.P. 33.1 (a)

*Ex parte Lawson*, No. 54,703-01 at 67.  Federal review of a habeas claim is procedurally barred when the last state court to consider the claim denies relief based on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).  Moreover, where a state court relies on a procedural bar to deny relief, a prisoner may not thereafter obtain federal habeas relief without showing cause for the default, and prejudice resulting therefrom. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  In order to show prejudice, petitioner must show the result of the proceeding would have been different.  *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994), *cert. denied* 513 U.S. 841, 115 S.Ct. 129, 130 L.Ed.2d 72 (1995).  Petitioner has not made such a showing and thus petitioner's second and third claims are procedurally barred from federal corpus review.  *See Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 899 (1999).  Respondent is correct and petitioner's second and third grounds are procedurally barred from federal habeas review.  Petitioner's other allegation, has been exhausted.[3]

Therefore, it is the opinion of the Magistrate Judge that petitioner's second and third claims should be procedurally barred.  Even if petitioner's second and third grounds were not procedurally barred, he would not be entitled to any relief based upon them.

First, petitioner's third ground merely restates his first ground.  Whether the allegation is

---

[3]Respondent appears to allege petitioner's first claim should also be found procedurally barred but alternatively, respondent argues such should be denied because the state court denial of the claim was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.  It does not appear the state trial court took the position that such claim was procedurally barred and the undersigned does not take that position herein.

couched in terms of failing to give adequate notice of the offense (Ground 3), or is couched in terms of impermissibly expanding the nature of the offense charged (Ground 1), the substance of the claim is a due process denial.  Consequently, petitioner's third ground is without merit for the reasons set forth hereafter as to Ground 1.  In addition, the indictment in this case clearly gave adequate notice of the offense with which petitioner was charged.

Petitioner's second ground, double jeopardy, is also without merit.  There was only one prosecution, only one conviction and only one sentence, all for murder.  Petitioner was not prosecuted for aggravated assault and is not serving a sentence for aggravated assault.  There is no double jeopardy issue.  Respondent has fully and adequately addressed the double jeopardy claim at pages 21-22 of his Answer.  For the reasons stated by respondent, Ground 2 is without merit.

IV.
STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case.  *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997).  Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner.  28 U.S.C. § 2254(e).

Petitioner has filed one state habeas application in the Texas Court of Criminals Appeals relating to Cause No. CR-98C-030.  The Court of Criminal Appeals denied *Ex parte Lawson*, App. No. 54,703-01 on January 15, 2003, without written order on findings of trial court without a hearing.  The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits.  *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.

## MERITS OF PETITIONER'S REMAINING ALLEGATION

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated.  In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

Petitioner's first ground is that he was denied certain unidentified federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments because the appellate court expanded the definition of the felony murder statue.  The felony murder statute, Texas Penal Code § 19.02(b)(3), however, is quite clear.  One commits the offense of felony murder if, during the commission or attempted commission of a felony other than manslaughter, he causes the death of an individual while committing an act clearly dangerous to human life.  In this case, petitioner was alleged to have committed felony murder by committing the felony offense of aggravated

assault and while in the course of committing such felony offense, petitioner committed an act clearly dangerous to human life, to wit: stabbed the victim with a knife and caused the death of the victim.  Since the predicate felony was aggravated assault, and not manslaughter, the statutory language of the felony murder statue did not prohibit petitioner's prosecution or conviction. Clearly, the language of the statute was not expanded by judicial construct as petitioner has alleged.

In actuality, petitioner's argument is that the Texas Court of Criminal Appeals holding in *Garrett v. State*, 573 S.W.2d 543 (Tex.Crim.App. 1978) made the felony offense of aggravated assault unavailable as a predicate felony in a felony murder prosecution.  However, as pointed out by Justice Quinn in the state appellate court opinion affirming petitioner's conviction, the Texas Court of Criminal Appeals had, in *Garrett*, through judicial fiat, done what the state legislature opted not to do, *i.e.*, expand the category of crimes unavailable for use as a predicate felony. *Lawson v. State*, 26 S.W.3d 920, 922 (Tex.App.– Amarillo 2000).

Further, to the extent *Garrett* did make aggravated assault unavailable as a predicate felony, *Garrett* was overruled by *Johnson v. State*, 4 S.W.3d 254 (Tex.Crim.App. 1999).[4]  In *Johnson*, the Texas Court of Criminal Appeals held that only when the underlying felony is manslaughter or a lesser included offense of manslaughter will a conviction for felony murder be precluded.  Upon remand after *Johnson*, the intermediate state court of appeals determined the aggravated assault as alleged in petitioner's case was <u>not</u> a less included offense of manslaughter, *Lawson*, 26 S.W.3d at 922.  Consequently, petitioner's conviction for felony murder was affirmed.  The holding of the state court of appeals was affirmed by the Texas Court of Criminal

---

[4]The Court of Criminal Appeals acknowledged that the *Garrett* holding was not clear.

Appeals in *Lawson v. State*, 64 S.W.3d 396 (Tex. Crim. App. 2001).  Therefore, petitioner's claim fails for several reasons.

First, petitioner has not shown the state habeas court's denial of relief was erroneous to the degree required by the AEDPA.

Second, the analysis by the state court of appeals and Texas Court of Criminal Appeals on direct review is correct in the opinion of the undersigned.

Third, even if the undersigned found the state court determination to be erroneous, petitioner would not be entitled to federal habeas corpus relief.  A state court's interpretation of what constitutes an offense under state law is not open to reinterpretation on federal habeas corpus review.  *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).[5]

Based upon a review of the state court records the pleadings of record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully detained in violation of the Constitution and laws of the United States.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner SCOTT MATTISON LAWSON be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

---

[5] According to the Texas courts, aggravated assault is not a lesser included offense of manslaughter if the aggravated assault is alleged to have been committed knowingly and intentionally instead of recklessly.

Recommendation to petitioner and to counsel of record for respondent by the most efficient

means available.

      IT IS SO RECOMMENDED.

      ENTERED this    10th    day of March 2006.

                                    CLINTON E. AVERITTE
                                    UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

      Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).