
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT MATTISON LAWSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0033 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITIONER'S
## RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

Petitioner, SCOTT MATTISON LAWSON, has filed a motion requesting relief from a March 28, 2006 judgment denying him federal habeas corpus relief. Following entry of the Judgment, the District Court denied a certificate of appealability on April 12, 2006. The Fifth Circuit Court of Appeals denied a certificate of appealability on February 12, 2007. Petitioner Lawson then filed his Rule 60(b) motion July 14, 2008, over two years after the March 28, 2006 Judgment.

Lawson's habeas claim was based upon an alleged violation of the ex post facto clause.[1] He was convicted of the offense of murder based upon the felony murder statute, with the predicate felony being aggravated assault. During the state criminal proceedings, Lawson contended the aggravated assault could not be used as the predicate felony in his felony murder prosecution under *Garrett v. State*, 573 S.W.2d 543 (Tex. Crim. App. 1978). The Texas appellate courts rejected Lawson's argument and, in *Lawson v. State*, 64 S.W.3d 396 (Tex. Crim.

---

[1] In his federal habeas petition, Lawson presented three (3) grounds alleging (1) an ex post facto violation, (2) a double jeopardy violation, and (3) a due process violation. The substance of all of his claims are an alleged ex post facto violation.

App. 2001), overruled *Garrett*, finding that aggravated assault could be used as the predicate felony in Lawson's felony murder prosecution.

On federal habeas review, this Court found petitioner's second and third claims to be procedurally barred and found petitioner was not entitled to relief on his first claim. The procedural bar notwithstanding, the Court alternatively addressed the merits of claims two and three and determined petitioner was not entitled to relief. In denying federal habeas relief, this Court found petitioner had not met the AEDPA burden of showing the state habeas court's denial of relief was unreasonable, and further found that the analysis by the state appellate court and the Texas Court of Criminal Appeals was correct.

Even though relief was denied, petitioner's habeas corpus claim was not considered frivolous. Under *Garrett*, aggravated assault was not available as a predicate felony at the time petitioner committed the offense in question. Consequently, petitioner's ex post facto claim presented a legitimate issue. Ultimately, however, that issue was rejected after being considered by the Texas courts, by this Court, and by the Fifth Circuit Court of Appeals. His petition for certiorari to the United State Supreme Court has been denied.

Unlike his underlying habeas claim, this Rule 60(b) motion is frivolous. It merely re-argues the merits of his underlying habeas corpus claim. A Rule 60 motion which represents arguments previously made or otherwise contains claims attacking the validity of a conviction constitutes a second or successive writ. Since it is a second or successive writ, this Court does not have jurisdiction to grant relief. Movant Lawson is required to seek, and acquire, the approval of the Fifth Circuit before filing a second section 2254 motion before this Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Even if the Rule 60 motion were not a second or successive writ, it is untimely. A Rule 60(b)(3) motion must be brought within one (1) year of the year of the judgment. *See* Rule 60(c)(1), Fed. R. Civ. P. The Judgment in this case was entered March 28, 2006. Petitioner did not file his Rule 60(b)(3) motion until July 14, 2008, well over two (2) years after entry of the Judgment in the case.

Based upon all of the foregoing, it is the finding, determination, and RECOMMENDATION of the undersigned that petitioner Lawson's Rule 60(b) motion for relief from judgment be DENIED.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **<u>NOTICE OF RIGHT TO OBJECT</u>** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).